UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
 )
MISTY S. LYNN ) CASE NO. 16-10010(1)(7)
 )
     Debtor(s)     )

## MEMORANDUM-OPINION

This matter is before the Court on the Objection to Exemption filed by a Chapter 7 Trustee, Jerry Burns ("Trustee").  The Court considered the Trustee's Objection, the Response to the Trustee's Objection filed by Debtor Misty Lynn ("Debtor"), the comments made by the Trustee and Debtor's attorney at the hearing held on the matter and the Court's own research.  For the following reasons, the Court will **OVERRULE** the Trustee's Objection.

## PROCEDURAL BACKGROUND

On January 6, 2016, Debtor filed her Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On April 6, 2016, an Order of Discharge was entered in Debtor's case.

On April 6, 2016, the Final Decree discharging the Trustee was entered and the case was closed.

On June 8, 2017, Debtor moved to reopen her case for the purpose of amending Schedules B and C to her Petition.  Attached to the Motion was the Debtor's Amended Schedules B and C.

On June 9, 2017, the Court entered an Order reopening Debtor's case.

Debtor's Amended Schedules B and C listed a personal injury claim from a car wreck which occurred in August 2014. The gross value of the claim is $50,000, of which Debtor was to receive $18,000. Debtor claimed an exemption of $12,725 pursuant to 11 U.S.C. § 522(d)(5) and $5,275 pursuant to 11 U.S.C. § 522(d)(11)(D).

On July 10, 2017, the Trustee filed his Objection to Exemption on the basis that the Debtor's motor vehicle accident and commencement of a personal injury lawsuit based on the accident occurred prior to the date Debtor filed her Petition, but was not included in Debtor's Schedules.

On August 22, 2017, Debtor filed her Response to Trustee's Objection contending the Trustee's Objection was filed beyond the thirty (30) day deadline set forth in Rule 4003(b) of the Federal Rules of Bankruptcy Procedure.

## LEGAL ANALYSIS

The Trustee objects to Debtor's amendments to her Schedules to claim an exemption in proceeds from an originally undisclosed pre-petition personal injury lawsuit resulting from an automobile accident. The Debtor's Response to the Objection states that the Trustee's Objection was filed beyond the thirty day deadline set forth in Rule 4003(b) of the Federal Rules of Bankruptcy Procedure.

The Debtor's response to the timeliness of the Trustee's Objection is without merit. Rule 9006 of the Federal Rules of Bankruptcy Procedure governs the computation of time regarding periods of time specified in the Bankruptcy Rules. Under Rule 9006(a)(1) the day that triggers the time period is not counted, but if the last day is a Saturday, Sunday or legal holiday, the time period continues until the end of the next day that is not a Saturday, Sunday or legal holiday. Here, the day triggering the thirty day time period for objecting to exemption set forth in Rule 4003(b) was June

8, 2017, the day the amendments were filed. Counting thirty days from June 9, 2017, the 30th day was July 8, a Saturday. The Trustee had until Monday, July 10th, to file his Objection. This is the date the Objection was filed. Therefore, the Objection was timely.

Debtor did not set forth any reason why the accident, lawsuit and settlement were not originally disclosed on the Debtor's Schedules. The Trustee stated that at the § 341 First Meeting of Creditors he always asks debtors if they plan on filing any lawsuits or whether there were any causes of action in which the debtor had been injured and planned to pursue a claim. The Debtor in this case answered no to these questions.

The only reason set forth in the Trustee's Objection filed with the Court, as well as articulated by the Trustee at the hearing, was that Debtor had claimed the exemption on an undisclosed asset. The Trustee's Objection is essentially based on the Debtor's bad faith in amending her Schedules to claim an exemption in an undisclosed asset. For many years the law in the Sixth Circuit allowed bankruptcy courts to disallow an exemption if a debtor attempted to conceal the underlying property or acted in bad faith. *Lucius v. McLemore*, 741 F.2d 125 (6th Cir. 1984). However, in *Law v. Siegel*, _____ U.S. ____, 134 S. Ct. 1188, 188 L.Ed.2d 146 (2014), the Supreme Court stated in dictum that the Bankruptcy Code does not grant bankruptcy courts authority to disallow an exemption (or disallow amendments to schedules to claim an exemption) based on a debtor's fraudulent concealment of assets alleged to be exempt or other bad faith conduct. The Code does not provide bankruptcy courts with a general, equitable power to deny exemptions based on a debtor's bad faith conduct. Federal law provides no basis to deny an exemption on a ground not specified in the Code. *Id.*, 134 S. Ct. at 1196.

Although the Supreme Court's pronouncement regarding Bankruptcy Courts' lack of authority to disallow exemptions on the basis of bad faith was dicta in *Siegel*, the Sixth Circuit has stated that lower courts are obligated to follow Supreme Court dicta and recently determined that to the extent *Lucia* conflicts with *Siegel*, *Lucia* is overruled. *See*, *In re Baker*, 791 F.3d 677 (6th Cir. 2015).

The *Baker* case is factually similar to the case at bar. There, the debtors' Chapter 7 case was reopened to administer a previously undisclosed cause of action. The debtors moved to amend their schedules to claim an exemption and the trustee objected to the proposed amendment based on debtors' alleged bad faith in not disclosing the cause of action earlier. The Sixth Circuit stated *Siegel* applied whether the case was opened when the amendment was made or whether the case had been closed and then reopened for purposes of making the amendment.

Simply put, the Court must follow *Baker* as mandatory precedent and overrule the Trustee's Objection to Debtor's amended exemptions. The Court observes that *Siegel* simply restrains bankruptcy courts from denying an exemption claimed in an undisclosed asset on the basis of bad faith. It does not direct or restrict a bankruptcy court from ruling on a Trustee's challenge to set aside a discharge pursuant to 11 U.S.C. § 727 or the dischargeability of a particular debt under 11 U.S.C. § 523(a)(2), dismissal of the case, or if the fraud was in connection with the transfer of an asset, avoidance of the transfer and recovery of the asset.

## **CONCLUSION**

For all of the above reasons, the Objection to Exemption filed by Chapter 7 Trustee, Jerry Burns is **OVERRULED**.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE:                                )
                                      )
    MISTY S. LYNN                     )    CASE NO. 16-10010(1)(7)
                                      )
_____Debtor(s)_____)

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Objection to Exemption filed by Chapter 7 Trustee Jerry Burns, be and hereby is, **OVERRULED**.